WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>   Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>   Respondents. | No. CV-99-2016-PHX-SMM<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Pursuant to *Rohan v. Woodford*, 334 F.3d 803 (9th Cir. 2003),[1] Petitioner has moved the Court to order a competency evaluation and/or an evidentiary hearing to determine whether he is competent to assist habeas counsel. (Dkt. 102.) Further, Petitioner requests that the Court stay these proceedings while his competency is being litigated and, if the Court concludes that Petitioner is incompetent, until such time as he is found to be competent.[2] (*Id.*)

---

[1] In *Rohan*, the Ninth Circuit held that the statutory right to counsel during capital habeas proceedings implies a statutory right for a petitioner to be competent for those proceedings. The court indicated that a district court must stay further habeas proceedings "where an incompetent capital habeas petitioner raises claims that could potentially benefit from his ability to communicate rationally." *Id.* at 819.

[2] In *Rohan*, the Ninth Circuit concluded that the district court abused its discretion in not staying the habeas proceeding after the district court concluded that the petitioner was incompetent to assist counsel. *Rohan*, 334 F.3d at 813-14.

1    In support of his motion for a competency evaluation, Petitioner has submitted a
2 number of psychological evaluations from state post-conviction proceedings held in 2001.
3 (Dkt. 102.)  These evaluations diagnosed Petitioner as having a paranoid schizophrenic
4 disorder. (*See id.* at Ex. D-H.)   Petitioner acknowledges that, due to the lapse of time since
5 the evaluations, his evidence of incompetency is dated.  (Dkt. 108, Ex. 8.)

6    The Court has reviewed Petitioner's mental health reports from 2001, which indicate
7 that he suffered from a psychological disorder. (Dkt. 102, Ex. D-H.) However, these reports
8 also indicate that Petitioner's psychological symptoms have not been treated.  (*Id.*)  It is
9 unclear whether the reason for the lack of treatment is due to Petitioner's refusal to cooperate
10 or some other cause.

11    Based on the absence of a current mental health evaluation and the potential effects
12 of a lack of psychiatric treatment, the Court cannot resolve at this time whether Petitioner is
13 entitled to a comprehensive competency determination and/or an evidentiary hearing.  In
14 order to make that determination, the Court requires current mental heath reports from both
15 parties regarding Petitioner's psychiatric condition.  These reports shall address  Petitioner's
16 competence to assist counsel.  They shall also include an evaluation of the effect on
17 Petitioner's competence of an appropriate regimen of psychiatric medication.

18    In reporting on Petitioner's competence to assist counsel, the parties shall utilize the
19 competence standard established in *Rohan*.  The *Rohan* court indicated that an incompetent
20 capital habeas petitioner is a petitioner who cannot assist statutory counsel because he is
21 incapable of rational communication.  334 F.3d at 810.

22    With respect to Petitioner's motion for a stay of the proceedings, the Court cannot
23 determine whether a stay is appropriate until a final determination is made regarding
24 Petitioner's competence to assist counsel.

25    Accordingly,
26 / / /
27 / / /
28 / / /

**IT IS HEREBY ORDERED** that no later than November 15, 2006, counsel for Petitioner and counsel for Respondents shall submit a mental health report. The report shall address Petitioner's competence to assist counsel in this proceeding and evaluate the effect of psychiatric medication on Petitioner's ability to assist counsel.

DATED this 25th day of September, 2006.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
United States District Judge