**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales, ) | No. CV-99-2016-PHX-SMM |
| Petitioner, ) | <u>DEATH PENALTY CASE</u> |
| vs. ) | |
| ) | **ORDER** |
| Dora B. Schriro, et al., ) | |
| Respondents. ) | |

Pending before the Court is Respondents' motion to determine, based on certain trial exhibits, whether DNA testing is feasible. (Dkt. 109.) Specifically, Respondents indicate that there are four trial exhibits which may yield a sufficient sample of DNA for testing. (*Id.*) Respondents request that the Clerk of the Maricopa County Superior Court release to them custody of the trial exhibits for such an analysis.[1] (*Id.*) Respondents also request an appropriate sample of Petitioner's blood for DNA analysis. (*Id.*) Petitioner opposes Respondents' motion. (Dkt. 110.) In reply to Petitioner's opposition, Respondents concede

---

[1] Earlier, in response to a similar motion filed by Respondents in the Maricopa County Superior Court, the state trial court indicated that Respondents' request for DNA testing should be resolved by the habeas court because the habeas court currently has before it Petitioner's pending collateral proceeding. (*Id.* at 5.)
   This Court's denial of Respondents' current motion should not be construed as any sort of acknowledgment by this Court that it has authority over trial exhibits that belong to the state court, specifically the Clerk of the Maricopa County Superior Court.

that Petitioner has never advanced a claim of actual innocence and acknowledge that by their motion they are not suggesting that the results of any DNA testing would be relevant to Petitioner's pending habeas petition. (Dkt. 112.)

The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is limited. Federal courts are not forums in which to relitigate state trials. Rather, comity requires that state courts be given the first opportunity to resolve whether a petitioner's constitutional rights have been violated. *See Rhines v. Webber*, 544 U.S. 269, 273-74 (2005). Given Respondents' acknowledgment that Petitioner has never advanced a claim of actual innocence and that DNA testing is not currently relevant to the pending capital habeas proceeding, the Court denies Respondents' motion on the grounds that they have not made a sufficient showing that DNA testing relates to the instant case.

Accordingly,

**IT IS HEREBY ORDERED** denying without prejudice Respondents' motion to examine certain trial exhibits to determine if DNA analysis is feasible. (Dkt. 109.)

DATED this 10th day of October, 2006.

Stephen M. McNamee
United States District Judge