**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>Respondents. | No.  CV- 99-02016-PHX-SMM<br><br>DEATH PENALTY CASE<br><br>**CONFIDENTIAL NON-CONTACT VISITATION ORDER** |

Pending before the Court is the parties' stipulation for an Order allowing a Confidential Non-Contact Visit between Petitioner Ernest Gonzales, Raphael Morris, M.D., a psychiatrist retained by Petitioner's counsel, and Leticia Marquez, counsel for Mr. Gonzales for the purpose of a psychiatric evaluation.  After due consideration of said stipulation, and the relevant pleadings on file,

**IT IS HEREBY ORDERED** that the parties' Stipulation for an Order to Allow a Confidential Non-Contact Visit between Petitioner Ernest Gonzales, Dr. Raphael Morris, and Leticia Marquez is **GRANTED**.

**IT IS FURTHER ORDERED** that Dr. Morris be permitted to have a confidential non-contact visit with Ernest Gonzales for a psychiatric evaluation under the following terms:

1.    Dr. Morris and Leticia Marquez will be permitted to visit with Gonzales on November 1, 2006, from 9:00 a.m. until 5:00 p.m.

2.    Counsel for Gonzales counsel shall make arrangements with Deputy Warden Terry Johnson, Arizona State Prison - Eyman Complex SMU II, or his designee, to schedule such visits.

3.   The Deputy Warden, through his staff, may require Dr. Morris and Leticia Marquez to subject all instruments, equipment, manuals and the like to an inspection and inventory prior to and subsequent to any meeting with Gonzales.

4.   The non-contact visit between Gonzales, Dr. Morris and Leticia Marquez shall be confidential and take place in one of the rooms normally designated for attorney-client visitation. No other inmates shall be allowed within hearing distance.

5.   Prior to the visit, the Deputy Warden, or his designee, shall advise Gonzales, in definite terms, that he is under a court order to appear at the above stated visit and that he cannot refuse the visit.  If Gonzales refuses to leave his cell for the psychiatric evaluation, he **shall not be forcibly extracted;** rather, the Warden, through his staff, shall escort Dr. Morris and Leticia Marquez to Gonzales's cell so that Dr. Morris may evaluate Gonzales at his cell (cell-side). In such case, Dr. Morris and Ms. Marquez shall wear any protective gear deemed necessary by ADC; and ADC shall otherwise maintain the security they deem necessary.

6.   Prior to a cell-side evaluation, Dr. Morris and Ms. Marquez each  shall certify in a written release to ADOC that they have investigated and ascertained the risks to his or her personal safety associated with the visit as authorized by and under the circumstances described in this order; that they agree to assume those risks; that they release and hold harmless ADOC, the State of Arizona, and their officers and employees from any claim arising from death or injury associated with the risks assumed. However, such release shall not operate as a release of gross negligence on the part of ADOC.

**IT IS FURTHER ORDERED** that the Clerk of the Court forward a copy of this Order to counsel of record; and to MICHAEL BRODSKY, Assistant Attorney General, Arizona Department of Corrections, 1275 West Washington, Phoenix, Arizona 85007; Deputy Warden TERRY JOHNSON and Sgt. C. STITT, Arizona State Prison - Eyman Prison Complex - SMU II, 4374 East Butte Avenue, Florence, Arizona 85232; and to CAPITAL CASE STAFF ATTORNEY, United States District Court, Phoenix, Arizona, <u>only</u>.

DATED this 19th day of October, 2006.

Stephen M. McNamee
United States District Judge