**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CV-99-2016-PHX-SMM<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Pending before the Court is Respondents' motion for reconsideration of this Court's Order granting an evidentiary hearing to determine Petitioner's competency to assist statutory habeas counsel pursuant to *Rohan ex rel Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). Respondents contend that Petitioner has not established a colorable *Rohan* claim and, therefore, is not entitled to an evidentiary hearing. Specifically, Respondents continue their previous argument that Petitioner has not established that it is necessary for him to communicate with his counsel in order for counsel to file a merits brief on his remaining claims. (*See* Dkt. 104 at 3-5.) The Court did not clearly err in its implicit rejection of this argument. (*See* Dkt. 126.) Petitioner has established that some of his remaining claims could potentially benefit from his assistance to counsel. (*See* Dkt. 108 at 4-8.)

**DISCUSSION**

Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling

law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Respondents do not allege any newly discovered evidence or submit that there has been an intervening change in the law. Rather, they assert that the Court committed clear error in finding a colorable basis for a *Rohan* claim because Petitioner did not demonstrate that his assistance was necessary for counsel to complete the merits briefing of his remaining claims. (Dkt. 127 at 1-2.)

The *Rohan* court sought to provide guidance to the district courts on this very issue. *Rohan*, 334 F.3d at 817-18. The *Rohan* court established a low threshold regarding the showing a petitioner must make for a court to determine that his assistance may potentially benefit counsel. *Id.* The *Rohan* court indicated, as follows: "requiring counsel to identify with particularity what petitioner would tell them were he competent, rather than the general areas where he could potentially assist, sets an unrealistically high bar under the circumstances. . . . Requiring an incompetent petitioner's counsel to identify precisely what the petitioner would tell him were he able seems more likely to elicit the response, "Well if I knew that, I would not have to ask!" *Id.*

Counsel for Petitioner has identified claims where Petitioner potentially will provide beneficial assistance during briefing of the remaining issues. For instance, counsel identified Claim 9, Petitioner's claim of judicial bias, and counsel's need to understand any extra-record interactions between Petitioner and the trial judge which may have underlain the prosecutor acknowledging that sharp and contentious interactions had occurred between the judge and Petitioner during trial. (*See* Dkt. 108 at 5 citing RT 5/18/91 at 4.) In addition, counsel has identified other exhausted claims where extra-record information from Petitioner may provide beneficial assistance in the litigation of the remaining claims. (*Id.* at 6-8.) Given the low threshold established by *Rohan*, this Court did not clearly err in rejecting Respondents' argument that Petitioner could not potentially provide assistance in the litigation of his remaining claims.

1    Accordingly,

2    **IT IS HEREBY ORDERED** denying Respondents' motion for reconsideration.
3    (Dkt. 127.)

4    DATED this 16th day of January, 2007.

Stephen M. McNamee
United States District Judge