**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-99-2016-PHX-SMM<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

The parties are preparing for an evidentiary hearing regarding Petitioner's current competency to assist habeas counsel pursuant to *Rohan ex rel Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). Previously, the Court ordered each party's mental health expert to file a report regarding Petitioner's mental competency. (Dkt. 111.) Following this submission, the Court held a status hearing and ordered the mental health experts to disclose to opposing counsel all underlying psychological testing data and any interview notes, statements, or other information that were relied on and/or utilized by the experts in preparing their reports. (Dkt. 131.) Petitioner has now filed a motion for additional discovery.

Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for *good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (emphasis added). Thus, unlike the usual civil litigant in federal court, a habeas petitioner is not entitled to discovery "as a matter of ordinary course,"

*Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). Unlike a regular trial, during habeas proceedings, the district court has the discretion to limit the scope of an evidentiary hearing, so long as the court gives the petitioner an opportunity to present the relevant facts. *See Williams v. Woodford*, 384 F.3d 567, 607 (9th Cir. 2004) (stating that the district court did not abuse its discretion in denying the oral testimony of mental health experts at an evidentiary hearing, instead having the parties cross-examine the experts by deposition and submit declarations and briefs regarding areas of impeachment); *see also Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

<u>Disclosure from Respondents' Expert</u>

First, Petitioner requests that Respondents provide omitted disclosure, asserting that they have not properly disclosed all underlying psychological testing data. (Dkt. 134 at 3.) Petitioner acknowledges that Respondents' expert, Dr. Anna Scherzer, has provided 286 pages of disclosure; however, he contends she failed to disclose the standardized psychological test questions utilized in her testing of Petitioner. (Dkt. 134 at 3.) Respondents maintain that disclosure of such questions presents ethical issues for their expert because the assessment materials are copyrighted; therefore, the questions had to be excised because Petitioner's counsel requested that Dr. Scherzer's raw data be delivered to counsel's office rather than directly to Petitioner's expert. Respondents further assert that the excised answer sheets were disclosed with the understanding that Petitioner's mental health expert had access to the copyrighted assessment instruments used by Dr. Scherzer. Petitioner has not asserted that his mental health expert does not have access to these materials. Therefore, based on this record, the Court denies Petitioner's request for additional disclosure regarding Dr. Scherzer's psychological testing. If Petitioner's expert does not have access to the copyrighted assessment instruments used by Dr. Scherzer, the Court orders Respondents to direct Dr. Scherzer to disclose non-excised copies of her raw data directly to Petitioner's expert, Dr. Ralph Morris.

Second, Petitioner requests that the Court order Respondents to provide both an improved version of the audiotape and a transcript of Dr. Scherzer's interview with

1  Petitioner. Respondents acknowledge that recording conditions were not ideal and that they
2  also have requested that Dr. Scherzer provide them with a new copy of the audiotape. Once
3  Respondents are in receipt of this new audiotape, they are ordered to provide Petitioner with
4  a copy of it. The Court denies Petitioner's request for production of a transcript of the
5  interview.

6  Third, Petitioner requests that Respondents disclose any additional notes Dr. Scherzer
7  obtained from her interviews with Arizona Department of Corrections ("ADOC") personnel
8  as part of her psychological assessment of him, including the dates, times, and length of these
9  interviews. Respondents indicate that Dr. Scherzer already disclosed fourteen pages of notes
10 and that there are no additional notes. Therefore, this request is denied.

11 Fourth, Petitioner requests an inventory of any materials in the possession of Dr.
12 Scherzer that should have been disclosed. Other than the standardized psychological
13 assessment questions and the issue with the audio tape, Respondents contend that there are
14 no additional materials subject to disclosure. Therefore, this request is denied.

15 Fifth, Petitioner requests that the Court authorize a deposition of Dr. Scherzer prior
16 to the evidentiary hearing. As the Court has already pointed out, in this habeas proceeding,
17 the Court is not obligated to treat the evidentiary hearing in the same manner as a trial. *See*
18 *Williams v. Woodford*, 384 F.3d at 607; *see also* Rule 6(a), 28 U.S.C. foll. § 2254 (stating
19 that discovery in habeas proceedings is limited). The Court finds that pre-hearing
20 depositions are unnecessary. At the evidentiary hearing, the parties will have the opportunity
21 to present the relevant facts and cross-examine the expert witnesses. Accordingly, the Court
22 will not authorize depositions of the mental health experts prior to the scheduled evidentiary
23 hearing. To the extent Petitioner's counsel want to speak with Respondents' expert prior to
24 the hearing, they are not prohibited from requesting an informal interview.

25 Last, Petitioner requests the production of other documents, including:

26 1) Any and all drafts and/or edited copies of Dr. Scherzer's report;

27 2) Copies of any and all letters, emails and/or other correspondence Dr. Scherzer has had with any representative of the state regarding a) Ernest
28 Gonzales and b) Dr. Scherzer's qualifications to serve as an expert for the

state;

3) Copies of any and all correspondence, emails and/or notes regarding consultations between Dr. Scherzer and any other experts related to her evaluation, diagnostic impressions and conclusions regarding Ernest Gonzales;

4) A list of all tests, books, published literature and any other publications Dr. Scherzer relied upon in reaching her opinions or ruling out any diagnoses;

5) Any versions of Dr. Scherzer's curriculum vitae ("C.V.") or resume that she may use for any other purpose;

6) A list, including case names and numbers, of every case in which Dr. Scherzer has offered testimony either in court or at a deposition, within 4 years.

(Dkt. 134 at 4.)

With regard to the third and fourth requests, the Court has already ordered both parties to disclose "interview notes, statements or other information, that were relied upon and/or utilized by the expert" in assessing Petitioner's mental competency to assist counsel in these proceedings. (Dkt. 131 at 1-2.) If Dr. Scherzer relied on or utilized information from other mental health experts or publications in her evaluation of Petitioner, those materials are subject to the Court's disclosure order. Accordingly, Respondents shall consult with Dr. Scherzer to ensure that any materials relied on or utilized by her in assessing Petitioner's competency be disclosed no later than April 30.

Regarding the remaining document requests, Petitioner asserts he needs this discovery for possible cross-examination. The Court disagrees and finds no good cause for the requests. None of these documents are necessary to provide Petitioner an opportunity to present the relevant facts concerning his current mental state. *See Williams*, 384 F.3d at 607.

Disclosure from ADOC

Petitioner requests depositions of ADOC correctional officers who were interviewed by Dr. Scherzer as part of her mental health evaluation of Petitioner and depositions of other ADOC correctional officers who have had significant contact with Petitioner. (Dkt. 134 at 5.) Petitioner also requests production of personnel records regarding all of these individuals as well as any ADOC mental health staff who have had contact with Petitioner. (*Id.*)

As with the mental health experts, the Court finds that pre-hearing depositions of

1 ADOC staff are unnecessary. However, the Court encourages Respondents to assist with
2 arranging interviews of these individuals, if requested by Petitioner's counsel, so that counsel
3 can determine which fact witnesses, if any, they wish to call at the evidentiary hearing. With
4 regard to the personnel records of ADOC correctional officers and mental health staff, the
5 Court finds no good cause and the request is denied.

6 Finally, Petitioner requests production of any ADOC policy, procedure, and training
7 manuals relied on by Dr. Scherzer; ADOC daily logs, blotter, administrative notes,
8 correspondence, and observations since death row was moved to SMU II; and ADOC
9 disciplinary, medical, mental health, and other records relating to Petitioner. The Court has
10 already ordered both parties to disclose "interview notes, statements or other information,
11 that were relied upon and/or utilized by the expert" in assessing Petitioner's mental
12 competency to assist counsel in these proceedings. (Dkt. 131 at 1-2.) If in her evaluation Dr.
13 Scherzer relied on or utilized information from any ADOC policy, procedure, and training
14 manuals or from any daily activity and legal visitation logs, those materials are subject to the
15 Court's disclosure order. Accordingly, Respondents shall consult with Dr. Scherzer to
16 ensure that any materials relied on or utilized by her in assessing Petitioner's competency be
17 disclosed no later April 30.

18 Beyond any materials relied on by Dr. Scherzer, the Court finds that Petitioner's
19 request for ADOC records is overly broad. Respondents state in their response that
20 Petitioner has disclosed nearly 5,000 pages of documents, most of which have been provided
21 by the prison, including Petitioner's mental health records. (Dkt. 135 at 6.) It appears from
22 Petitioner's motion and reply that the relevant items, for which he has arguably shown good
23 cause based on statements in Dr. Scherzer's report, are the ADOC's visitation and daily
24 activity logs. Petitioner does not indicate the relevant time period for these documents; the
25 Court concludes that the last twelve months visitation and daily activity logs are sufficient
26 for the limited purpose of determining Petitioner's present mental competency. Accordingly,
27 the Court directs Respondents to provide these documents to Petitioner's counsel by April
28 30.

1       <u>Disclosure from Attorney General</u>

2       With no explanation, Petitioner requests production of all electronic mail, personal
3 notes, and memos regarding Petitioner, as well as any written correspondence with ADOC
4 legal, administrative, clerical, correctional and medical staff; law enforcement and
5 prosecution agencies; experts; and any other person. This request is denied for lack of good
6 cause.

7       Accordingly,

8       **IT IS HEREBY ORDERED** granting in part and denying in part Petitioner's motion
9 for discovery, as set forth above. (Dkt. 134.)

10       DATED this 12th day of April, 2007.

_____
Stephen M. McNamee
United States District Judge