**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>         Petitioner,<br><br>   vs.<br><br>Dora Schriro, et al.,<br><br>         Respondents. | No. CV-99-02016-PHX-SMM<br><br>DEATH PENALTY CASE<br><br>**CERTIFIED ORDER** |

Pending before the Court is Petitioner and Respondents' Stipulation for Order Allowing Contact Visit between Gonzales and Richard Kolbell, Ph.D., a neuropsychologist retained by counsel for Petitioner. After due consideration of said stipulation, and the relevant pleadings on file,

**IT IS HEREBY ORDERED** that the parties' Stipulation for Order Allowing Contact Visit between Petitioner Gonzales and Dr. Richard Kolbell is **GRANTED**. (Dkt. 139.)

**IT IS FURTHER ORDERED** that Dr. Kolbell be permitted to have confidential contact visits with Gonzales for neurological testing under the following terms:

1. Visitation shall take place on May 14, 2007, from 9:00 a.m. until 12:00 p.m. and 1:15 p.m. to 4:00 p.m., and on May 15, 2007, from 8:30 a.m. to 12:00 p.m.

2. Counsel for Gonzales shall make arrangements with Deputy Warden Terry Johnson, Arizona State Prison - Eyman Complex SMU II, or his designee, to schedule such visit.

3. The Warden, through his staff, may require Dr. Kolbell to subject all instruments, equipment, manuals and the like to an inspection and inventory prior to and subsequent to any meeting with Gonzales.

4. If requested by Dr. Kolbell, the Warden, through his staff, shall remove handcuffs and/or leg irons from Gonzales so that Gonzales may complete certain tests. ADOC may require Gonzales to wear a stun belt during the meetings.

5. Both counsel for Gonzales and Respondents recognize that counsel for Gonzales's decision not to contest ADOC's practice of using a stun belt on Gonzales is due to the time constraints placed upon counsel for Gonzales to meet upcoming deadlines and in no way constitutes a waiver of the "stun belt issue" in any future request for a contact visit in this case or in any other case. Respondents' willingness to stipulate hereto should not be considered a waiver of any aspect of ADOC's contact visitation policy.

6. Dr. Kolbell will be required to wear all protective gear, including any protective vest and/or safety goggles provided by ADOC. Dr. Kolbell will be allowed to wear a suit jacket over the protective vest. If requested, Dr. Kolbell shall be allowed to remove the protective vest and safety goggles if, in his opinion, the vest and/or the goggles interfere with the testing and evaluation of Gonzales.

7. The examination must be confidential. The meetings between Gonzales and Dr. Kolbell shall take place in a room that allows for privacy. The room in which the meetings take place shall have a door that remains closed during the meetings. The room may have windows which allow the Warden, through his staff, to observe the meetings. Dr. Kolbell shall sit in the chair closest to the door, and Gonzales shall not go between Dr. Kolbell and the door without permission. The room in which the meetings take place shall have two chairs and a table no larger than three feet in width.

8. Dr. Kolbell shall be allowed to have physical contact with Gonzales as is necessary to conduct testing.

9. Before being allowed the contact visit authorized herein, Dr. Kolbell shall certify in a written release to ADOC that he has investigated and ascertained the risks to his personal safety associated with the visit as authorized by and under the circumstances described in this order; that he agrees to assume those risks; that he releases and holds harmless ADOC, the State of Arizona, and their officers and employees from any claim arising from death or injury associated with the risks assumed. However, such release shall not operate as a release of gross negligence on the part of ADOC.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall certify this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this Order to counsel of record; and to MICHAEL BRODSKY, Assistant Attorney General, Arizona Department of Corrections, 1275 West Washington, Phoenix, Arizona 85007; Deputy Warden TERRY JOHNSON and Sgt. C. STITT, Arizona State Prison - Eyman Prison Complex - SMU II, 4374 East Butte Avenue, Florence, Arizona 85232; and to

-2-

1  CAPITAL CASE STAFF ATTORNEY, United States District Court, Phoenix, Arizona,
2  only.
3      DATED this 2nd day of May, 2007.

_____
Stephen M. McNamee
United States District Judge

-3-