**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales, | No. CV-99-2016-PHX-SMM |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| vs. | |
| | **ORDER** |
| Dora B. Schriro, et al., | |
| Respondents. | |

The parties are preparing for an evidentiary hearing regarding Petitioner's ability to rationally communicate with habeas counsel pursuant to *Rohan ex rel Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). At a status hearing held April 30, 2007, Respondents indicated that they have disclosed the last twelve months of ADOC daily activity logs and prison visitation records regarding Petitioner, as well as a transcript of an interview of Petitioner by Respondents' expert, Dr. Anna Scherzer. Respondents further indicated that they will forward to Petitioner a higher quality recording of the interview when available. Respondents also specified that they instructed Dr. Scherzer to forward to Petitioner's expert, Dr. Raphael Morris, non-excised copies of the raw data generated from the psychological assessment instruments utilized by Dr. Scherzer during her evaluation of Petitioner.

Previously, the Court had ordered each party's mental health expert to assess and report regarding Petitioner's competency to assist counsel. (Dkt. 111.) Dr. Morris opined that Petitioner is mentally ill and suffering from schizophrenia, disorganized type. Dr.

1  Morris concluded that Petitioner is incompetent to assist counsel because he lacks the
2  capacity to rationally communicate with counsel due to a disorganized thought process and
3  non-redirectable pattern of speech.  Dr. Scherzer disagreed, opining that Petitioner is
4  competent to assist counsel.  Dr. Scherzer maintained that Petitioner has the capacity to
5  understand his legal position and the ability to communicate with counsel in a
6  comprehensible manner.  Dr. Scherzer further concluded that Petitioner may be malingering
7  about being incompetent, making it impossible to determine whether paranoia and loosening
8  of thought processes functionally interfered with Petitioner's judgment and motivation to
9  rationally assist legal counsel.  In order to arrive at a definite mental health diagnosis, Dr.
10 Scherzer recommended a sixty-to-ninety-day extended mental health/competency assessment
11 in a secure mental health lock-down facility.

12 Based on Dr. Scherzer's recommendation, Respondents filed a motion to authorize
13 a transfer of Petitioner to the Arizona State Hospital for an extended mental health evaluation
14 of his ability to rationally assist habeas counsel.  (Dkt. 138.)  Petitioner does not oppose the
15 extended mental health competency evaluation, so long as the evaluation is conducted by
16 qualified mental health experts.  As part of the evaluation, the experts will consider whether
17 Petitioner is suffering from a mental disease or defect and also whether Petitioner is feigning
18 or malingering psychiatric symptoms.  Following the extended evaluation, the mental health
19 experts will prepare a comprehensive mental health report regarding Petitioner's mental
20 health, specifically addressing his capacity to rationally communicate.

21 Accordingly,

22 **IT IS HEREBY ORDERED** vacating the evidentiary hearing set for May 31 and
23 June 1, 2007.

24 **IT IS FURTHER ORDERED** granting Respondents' motion for an Order to transfer
25 Petitioner to the Arizona State Hospital for an extended mental health competency
26 evaluation.  (Dkt. 138.)  Petitioner's transfer to the Arizona State Hospital for an extended
27 mental health competency evaluation shall be conducted under the following terms and
28 conditions:

1. By May 30, 2007, the Arizona Department of Corrections shall transfer Petitioner, (ADOC Inmate No. 058534) to the Arizona State Hospital, 2500 East Van Buren Street, Phoenix, Arizona. Respondent Arizona Department of Corrections shall coordinate the transfer with the Arizona State Hospital.

2. Staff at the Arizona State Hospital shall hold Petitioner in a secure mental health lock-down facility for up to ninety days for the purpose of assessing his mental health and competency to assist habeas counsel. Specifically, qualified mental health experts at the Arizona State Hospital shall consider whether Petitioner has any present mental disease or defect, including whether he is feigning or malingering psychiatric symptoms. These experts shall also determine whether Petitioner is capable of communicating rationally.

3. Within twenty-one days after completing the extended evaluation of Petitioner, the qualified mental health experts of the Arizona State Hospital shall submit a report of their findings to counsel for Respondents for filing with this Court.

4. After the mental health evaluation has concluded, if the experts of the Arizona State Hospital determine that Petitioner is not capable of communicating rationally, Petitioner shall remain at the Arizona State Hospital for up to fifteen months to receive treatment necessary to restore this ability. In such an event, every sixty days the hospital shall provide a written status report to Respondents for filing with the Court which shall update Petitioner's progress and prognosis, unless prior to the due date of the report, the staff concludes that Petitioner's ability to communicate rationally has been restored.

5. Upon concluding that Petitioner is capable of communicating rationally, the Arizona State Hospital shall contact the Arizona Department of Corrections to transport Petitioner to SMU II (death row) in Florence, Arizona, and Respondent Arizona Department of Corrections shall so advise the Court and counsel for Petitioner.

6. Within fourteen days of this Order, after conferring together, counsel for Petitioner and counsel for Respondents shall furnish the Arizona State Hospital copies of all relevant records in their possession on the issue of Petitioner's current mental competency, including but not limited to the reports of the mental health experts and the Arizona Department of

1 | Corrections' mental health records for Petitioner.

2 | **IT IS FURTHER ORDERED** setting this matter for a status hearing on Monday, October 15, 2007, at 10:00 a.m. in Courtroom No. 605.

**IT IS FURTHER ORDERED** that the Clerk of Court send a *certified* copy of this Order to the following:

(1) ASPC Eyman, Attn: Wanda DiMarco/Records, P.O. Box 3500, Florence, AZ 85232;
(2) Admissions Unit, Arizona State Hospital, 2500 East Van Buren Street, Phoenix, Arizona 85008;
(3) Ms. Catherine Plumb, Esq., Assistant Attorney General, 1275 West Washington Street, Phoenix, Arizona 85007;
(4) Ms. Leticia Marquez, Esq., Assistant Federal Public Defender, 407 West Congress Street, Suite 501, Tucson, Arizona 85701–1310; and
(5) Mr. John Pressley Todd, Esq., Assistant Attorney General, 1275 West Washington Street, Phoenix, Arizona 85007.

DATED this 4th day of May, 2007.

Stephen M. McNamee
United States District Judge