**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>      Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>      Respondents. | No. CV-99-2016-PHX-SMM<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Pending before the Court is Petitioner's motion for a status hearing. (Dkt. 148.) Previously, an evidentiary hearing had been scheduled in this matter to determine Petitioner's competency to rationally communicate with habeas counsel pursuant to *Rohan ex rel Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). (Dkt. 131.) Prior to the commencement of the evidentiary hearing, Respondents filed a motion requesting that Petitioner be transferred to the Arizona State Hospital for an extended psychological assessment by qualified mental health professionals. (Dkt. 138.) Respondents requested an assessment period of up to ninety days. Following the assessment period, staff professionals would prepare a report regarding their findings and conclusions. (*Id.*)

The Court granted Respondents' motion, giving staff at the hospital up to ninety days to assess Petitioner's competency to rationally communicate with habeas counsel. (Dkt. 147 at 3.) Specifically, in evaluating Petitioner's competency, staff were to assess "whether Petitioner has any present mental disease or defect, including whether he is feigning or

malingering psychiatric symptoms" and submit a report regarding his competence. (*Id.*) The Court scheduled a status hearing for October 15, 2007, at which time the Court anticipated having a competency report from the hospital.

In the midst of the assessment period, counsel for Petitioner reported receiving an unsolicited inquiry from the hospital requesting payment information regarding Petitioner's "restoration to competency." (Dkt. 148 at 2.) Upon further inquiry, counsel discovered that "restoration to competency" usually means that a patient is receiving treatment. (*Id.*) Petitioner confirmed that he is receiving pills at the hospital. (*Id.*) Counsel for Petitioner has requested that the Court intervene to resolve these allegations and determine whether the hospital is in compliance with this Court's Order. (*Id.*) In response to Petitioner's request, rather than providing the Court a thorough explanation, Respondents merely indicate that they have no objection to a status conference and that in the near future the hospital will be filing a report regarding Petitioner's competence. (Dkt. 150.) Petitioner replies that such response is insufficient. (Dkt. 151.) This Court agrees.

Based on this incomplete record, the Court will not schedule a status hearing. Rather, the Court will order Respondents to supplement the record with additional information.

Accordingly,

**IT IS HEREBY ORDERED** that within five days of this Order, Respondents shall provide a thorough explanation regarding how this Court's May 4, 2007 Order has been carried out and provide a response to Petitioner's specific allegations. Further, such response shall estimate the remaining length of the psychological assessment period and an approximate date when the Court and the parties should anticipate a report from the mental health staff at the hospital.

DATED this 7th day of August, 2007.

Stephen M. McNamee
United States District Judge