**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>            Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>            Respondents. | No. CV-99-2016-PHX-SMM<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Before the Court is Petitioner's motion for a status hearing regarding compliance with this Court's Order directing mental health professionals at the Arizona State Hospital ("ASH") to assess Petitioner's competence.[1] (Dkt. 148.) Following briefing of Petitioner's motion, the Court ordered Respondents to supplement the record regarding actions taken by ASH during this assessment period. (Dkt. 153.) Thereafter Respondents filed an additional response and submitted ASH reports. (Dkt. 154, 155, 158.) Petitioner filed a reply. (Dkt.

---

[1] Under *Rohan ex rel Gates v. Woodford*, 334 F.3d 803, 814 (9th Cir. 2003), a habeas petitioner must be competent to rationally communicate and assist counsel regarding the litigation of habeas claims that could potentially benefit from his ability to communicate rationally.

The Court's Order directed the staff at ASH to "consider whether Petitioner has any present mental disease or defect, including whether he is feigning or malingering psychiatric symptoms. These experts shall also determine whether Petitioner is capable of communicating rationally." (Dkt. 147 at 3.)

1 | 156.)

2 |       Respondents' supplemental filings included a number of reports by Dr. James Seward,
3 | an ASH psychologist, on the status of the evaluation of Petitioner's competence. (Dkts. 154,
4 | 155 and 158.) Dr. Seward's initial report indicates that he and Petitioner's treating
5 | psychiatrist, Dr. Qureshi, have not arrived at a definitive diagnosis regarding Petitioner's
6 | competence. (Dkt. 154.) The report explains that as part of the assessment effort, Petitioner
7 | has been prescribed psychiatric medications for anxiety, depression, and sleep; he has also
8 | participated in various group activities. (*Id.*) The report further notes that Petitioner has
9 | "displayed episodes of disordered thoughts." (*Id.*) Drs. Seward and Qureshi have not,
10 | however, been able to determine the etiology of this presentation – i.e., whether the episodes
11 | are "malingered" or the product of a "genuine psychotic disorder." (*Id.*) To assist them in
12 | making such a determination, Dr. Seward has requested that the Court authorize the use of
13 | antipsychotic medication. (*Id.*)

14 |       In Dr. Seward's final report, he concluded that he was unable to provide the Court
15 | with an opinion regarding "whether [Petitioner] has any present mental disease or defect,
16 | including whether or not he is feigning or malingering psychiatric symptoms." (Dkt. 158 at
17 | 4.) Regarding whether Petitioner is competent to rationally communicate with habeas
18 | counsel, Dr. Seward opined that if Petitioner has a genuine psychotic disorder, it "would
19 | interfere with his ability to communicate rationally in the furtherance of his defense." (*Id.*)
20 | Finally, Dr. Seward reiterates his belief that it would assist he and Dr. Qureshi to initiate a
21 | treatment of antipsychotic medication and monitor Petitioner's response. (*Id.* at 15.)

22 |       Petitioner contends that this Court's Order excluded the use of psychiatric treatment
23 | during the assessment period, and he objects to further psychiatric treatment without a
24 | competency diagnosis. (Dkt. 156.) Petitioner believes that additional psychiatric treatment
25 | will obscure the current assessment of his competency and the baseline record of his mental
26 | health, and that administration of antipsychotic medication is not recommended when a
27 | diagnosis of psychosis is still in doubt. (*Id.*)

28 |

- 2 -

1   Ultimately, the Court will issue a ruling regarding Petitioner's competence under
2  *Rohan*. At the most recent status conference, Petitioner and Respondents concluded that a
3  long-term assessment of Petitioner's competence at a secure mental health facility would be
4  beneficial to both parties. (Dkt. 143 at 7-8.) The Court agreed and ordered the transfer to
5  ASH. (Dkt. 147.) However, in ordering Petitioner's competency assessment, it was not this
6  Court's intention – nor is it the Court's role – to prescribe the methods by which the
7  assessment would be conducted. Accordingly, this Court will not be put in a position of
8  dictating to the mental health professionals at ASH the procedures or medications they may
9  use in finally assessing Petitioner's competence. Rather, it is the responsibility of those
10 professional to complete their assessment and to provide the Court with a updated final report
11 regarding Petitioner's competence.

12  With respect to Petitioner's allegation that there is no baseline record of his mental
13 health and that treatment at ASH may obscure such a record, Petitioner may present this
14 argument in the continued litigation of his competence. However, the Court notes that prior
15 to his transfer to ASH, Petitioner obtained his own neuropsychological evaluation, in part,
16 to arrive at a baseline record of his mental health. (*See* Dkt. 143 at 5-7.) Finally, with
17 respect to Petitioner's contention that antipsychotic medication is not recommended prior to
18 a diagnosis of psychosis, the Court notes again that it is the responsibility of the mental
19 health professionals at ASH to determine the appropriate methods and procedures in order
20 to complete their competency assessment of Petitioner.

21  Accordingly,

22  **IT IS HEREBY ORDERED** denying Petitioner's motion for an immediate status
23 conference. (Dkt. 148.)

24  **IT IS FURTHER ORDERED** that designated staff at the Arizona State Hospital
25 complete the competency assessment begun on Petitioner pursuant to the terms and
26 conditions established by this Court's May 4, 2007, Order and provide the Court with an
27 updated final report regarding Petitioner's competency for evaluation by the Court at the

28

1 | October 15, 2007, status hearing.

2 | **IT IS FURTHER ORDERED**, within ten days of the filing of this Order, that the
3 | parties meet and confer regarding Dr. Seward's request for additional information regarding
4 | unredacted ADC records and an ADC Classification Operating Manual.  The parties shall
5 | determine how to provide Dr. Seward with the materials requested and complete this task
6 | within twenty days of this Order.

7 | **IT IS FURTHER ORDERED** directing the parties not to file any interim pleadings
8 | prior to the commencement of the status hearing on October 15, 2007.

9 | DATED this 31st day of August, 2007.

_____
Stephen M. McNamee
United States District Judge