**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-99-2016-PHX-SMM<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

On May 4, 2007, this Court ordered that Petitioner be transported to the Arizona State Hospital ("ASH") for the purpose of assessing his mental competence to assist habeas counsel pursuant to *Rohan ex rel Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003). (Dkt. 147.) On October 10, 2007, Dr. James Seward, on behalf of ASH, notified the Court that, absent administration of antipsychotic medications, Petitioner is unable to communicate rationally with his habeas counsel. (Dkt. 160.)

In its May 2007 Order, the Court further indicated that if Petitioner is not capable of communicating rationally, he shall remain at ASH to receive competency restoration treatment. (Dkt. 147 at 3.) However, Petitioner has informed ASH staff that he will not voluntarily take the antipsychotic, anxiety, depression, and sleep medications prescribed by treating physicians. Consequently, at the October 15, 2007 status hearing, the parties had

preliminary discussions regarding the propriety of involuntarily administering medications to restore Petitioner's competency to assist habeas counsel and continue litigation in these habeas proceedings. Recognizing that Petitioner's decision to refuse medication may not be definitive, the Court agreed to hold a hearing on November 26, 2007, to question Petitioner directly on this issue. In preparation for this hearing and pursuant to Rule 6 of the Rules Governing Section 2254 Cases, the Court finds good cause for discovery of all notes and other data compiled and entered by ASH staff since Petitioner was transferred to ASH in May 2007.

To assist the Court in determining the appropriate course of action in the event Petitioner maintains his refusal to voluntarily take antipsychotic medications, the parties shall file briefs addressing whether and under what conditions this Court has the authority to order that Petitioner be forcibly medicated for the purpose of restoring his competency to communicate rationally with counsel.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Respondents shall obtain from the Custodian of Records at the Arizona State Hospital a copy of all notes and other data compiled and entered by hospital staff regarding Petitioner since his transfer to the facility in May 2007 and shall provide a copy of these materials to both Petitioner's counsel and this Court as soon as is practicable but not later than **November 2, 2007**.

**IT IS FURTHER ORDERED** that a hearing will be held on **November 26, 2007, at 10:00 a.m.** in Courtroom 605 of the Sandra Day O'Connor United States Courthouse. Respondents shall make all arrangements and provide to the Court any proposed orders necessary to have Petitioner present at the hearing.

**IT IS FURTHER ORDERED** that no later than **November 19, 2007**, the parties shall each file a brief, not in excess of twenty (20) pages, addressing whether and under what conditions this Court has the authority to order that Petitioner be forcibly medicated for the

- 2 -

purpose of restoring his competency to communicate rationally with habeas counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Order to Catherine Plumb, Assistant Arizona Attorney General, 1275 West Washington Street, Phoenix, Arizona 85007.

DATED this 22nd day of October, 2007.

_____
Stephen M. McNamee
United States District Judge