**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales, | No. CV-99-2016-PHX-SMM |
| Petitioner, | |
| vs. | <u>DEATH PENALTY CASE</u> |
| Dora B. Schriro, et al., | |
| Respondents. | **ORDER** |

Before the Court is Petitioner's Motion for Permission to Appeal and for Stay Pending Appeal. (Dkt. 189.) Respondents oppose the motion. (Dkts. 192.) Petitioner seeks permission to file an interlocutory appeal from the Court's order of April 23, 2008, denying his motion for a competency hearing. (Dkt. 187).

## DISCUSSION

**Background:**

As Petitioner notes, the Court originally set an evidentiary hearing on Petitioner's motion for a competency determination pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 819 (9th Cir. 2003), which calls for a stay of habeas proceedings "where an incompetent capital habeas petitioner raises claims that could potentially benefit from his ability to communicate rationally." (Dkt. 131) The hearing was subsequently vacated when the Court granted Respondents' motion to transfer Petitioner to the Arizona State Hospital for further evaluation. (Dkt. 147.) Thereafter, the issue of forced medication arose when

Petitioner withdrew from a regimen of anti-psychotic medication despite the apparently positive effects of that medication. (*See* Dkt. 164.) After status conferences on October 15 and December 3, 2007, the Court ordered additional briefing, including on the issue of *Rohan*'s applicability to Petitioner's properly-exhausted habeas claims.[1] (Dkt. 180.) Upon receiving the parties' briefs, the Court further reviewed the entire record, including all proceedings in state court and before this Court. Based upon its review of the record, the arguments of counsel, and the principles set forth in *Rohan*, the Court issued its order denying a competency hearing, finding that Petitioner's claims were legal and record-based and therefore could not potentially benefit from his ability to communicate rationally with counsel. (Dkt. 187.)

**Analysis:**

A district court has the authority under 28 U.S.C. § 1292(b) to certify an appeal from an interlocutory order in a civil case when the court is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See In re Cement Antitrust Litigation,* 673 F.2d 1020, 1025-26 (9th Cir. 1982). Certification should only be granted when the party seeking the appeal shows that exceptional circumstances exist such that an immediate appeal could save significant time and resources. *Id.* at 1026; *see Coopers & Lybrand v. Livesay*, 437 U.S. 463 U.S. 463, 475 (1978).

The Court concludes that its order of April 23, 2008, does not involve a controlling question of law and that an immediate appeal will not materially advance the termination of the litigation.

---

[1] In addition, on October 30, 2007, the Seventh Circuit issued its opinion in *Holmes v. Buss*, 506 F.3d 576 (7th Cir. 2007), which provided guidance on the application of the *Rohan* standard. In *Holmes*, the Seventh Circuit, proceeding on the assumption that *Rohan* was correctly decided, echoed the Ninth Circuit's distinction between claims that could potentially benefit from a habeas petitioner's input and those to which "a lay person has nothing to contribute." 506 F.3d at 579.

A question of law means a "pure question of law," not a mixed question of law and fact or an application of law to a particular set of facts. *See Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675-77 (7th Cir. 2000). A question of law is one that "the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677. Here, the controlling question of law was answered in *Rohan*, 334 F.3d at 819, in which the Ninth Circuit decided that a habeas proceeding must be stayed if the petitioner is not capable of rationally communicating with counsel on claims that may potentially benefit from his ability to do so. In its order denying Petitioner's motion for a competency determination, this Court applied the holding in *Rohan* to the facts of Petitioner case and concluded that a stay of the proceedings to determine Petitioner's competency was not required. In addition, resolution of this issue on appeal is not controlling because it would not "materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. Whatever the result of an interlocutory appeal, the merits of Petitioner's habeas claims will remain to be litigated.

It is equally clear that an immediate appeal from the Court's order will not advance the ultimate termination of the litigation. If an interlocutory appeal were granted and the Ninth Circuit reversed the Court's order, it would do nothing to end the litigation of Petitioner's claims. If the Ninth Circuit affirmed the order, the interlocutory appeal would have delayed the ultimate termination of this case rather than advanced it.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Permission to Appeal and for Stay Pending Appeal (Dkt. 189) is **DENIED**.

DATED this 10th day of June, 2008.

Stephen M. McNamee
United States District Judge