**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales, | No. CV-99-2016-PHX-SMM |
| Petitioner, | |
| vs. | <u>DEATH PENALTY CASE</u> |
| Dora B. Schriro, et al., | **ORDER** |
| Respondents. | |

Before the Court is Petitioner's Motion for Recusal/Reassignment. The motion suggests that disqualification is required under 28 U.S.C. § 455. Respondents have declined to file a response. For the reasons set forth below, the motion is denied.

## BACKGROUND

In 2006, Petitioner's counsel moved to stay this action pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), *abrogated by Ryan v. Gonzales*, 133 S. Ct. 696 (2013), contending that Petitioner was incapable of rationally communicating with or assisting counsel. (Doc. 102.) After two years of litigation regarding Petitioner's competency and the issue of forcible medication, the Court entered an order on April 23, 2008, denying Petitioner's motions for a competency hearing and to stay these proceedings. (Doc. 187.) The Court, applying the *Rohan* framework, determined that the claims identified by counsel as those needing assistance from Petitioner were record-based or involved purely

legal issues, and therefore would not potentially benefit from Petitioner's ability to communicate rationally with counsel.

After the Court denied a request for interlocutory appeal, Petitioner's counsel filed an emergency petition for writ of mandamus in the Court of Appeals for the Ninth Circuit. On July 17, 2008, the Ninth Circuit issued an amended order directing Petitioner and Real Party in Interest Dora Schriro, then Director of the Arizona Department of Corrections, to file supplemental briefs, and invited this Court to file a supplemental response. *Gonzales v. U.S. Dist. Court*, No. 08-72188 (9th Cir. filed July 17, 2008). The Court accepted this invitation and provided to the appellate court a nine-page supplemental response. Dist. Court's Supp. Response, *Gonzales v. U.S. Dist. Court* (9th Cir. Aug. 28, 2008).

In 2010, the Ninth Circuit granted mandamus relief, remanding the matter to this Court to determine Petitioner's competency to assist counsel. *In re Gonzales*, 623 F.3d 1242 (9th Cir. 2010). However, on January 8, 2013, the United States Supreme Court reversed. *Ryan v. Gonzales*, 133 S. Ct. at 708. In June 2013, the Ninth Circuit ordered this matter "remanded to the district court for further proceedings consistent with the Supreme Court's decision" in *Gonzales*. (Doc. 206.) This Court then issued an order setting a briefing schedule on Petitioner's remaining claims. The instant motion followed.

## DISCUSSION

Petitioner seeks recusal under 28 U.S.C. § 455(a), which mandates that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard for determining the appearance of partiality is an objective one and involves ascertaining "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Miles v. Ryan*, 697 F.3d 1090, 1091 (9th Cir. 2012) (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)). This standard, based on a "well-informed, thoughtful observer," must not be "so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated

- 2 -

suggestion of personal bias or prejudice." *Id.*

In considering recusal under § 455(a), the Supreme Court has held that judicial rulings alone "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Additionally, a judge's opinions formed on the basis of facts introduced or events occurring in the course of a proceeding cannot support a partiality challenge unless they display a "deep-seated favoritism and antagonism that would make fair judgment impossible." *Id.* "A judge must withdraw where she acts as part of the accusatory process, becomes embroiled in a running, bitter controversy with one of the litigants, or becomes so enmeshed in matters involving [a litigant] as to make it appropriate for another judge to sit." *Hurles v. Ryan*, 706 F.3d 1021, 1037 (9th Cir. 2013) (internal quotations and citations omitted), *petition for cert. filed*, 2013 WL 3076565 (U.S. Jun. 17, 2013) (No. 12-1472).

Here, Petitioner asserts that the Court's impartiality might reasonably be questioned because the Court "became an advocate against Petitioner" when it filed a supplemental response to his mandamus petition in the Ninth Circuit. (Doc. 210 at 6.) Although it is ordinarily undesirable to have a trial judge assume an active role in mandamus litigation, the Federal Rules of Appellate Procedure provide that the court of appeals may invite or order a response, and a trial judge may request permission to respond. *See* Fed. R. App. P. 21(b)(4). This permits an appellate court to have available any and all information pertinent to its decision to grant or deny mandamus relief. *See, e.g.*, *In re Braxton*, 258 F.3d 250, 263 (4th Cir. 2001) (Traxler, J., concurring in result) (observing that trial court's supplemental opinion provided needed clarification of its ruling).

Here, the Ninth Circuit invited a written response from the Court pursuant to Rule 21(b)(4). That response was filed in the appellate court and presumably considered by both the Ninth Circuit and the Supreme Court during certiorari proceedings. At no point did either the Ninth Circuit or the Supreme Court suggest that the responsive brief was improper. Nor did the Ninth Circuit direct reassignment of the case when it remanded the matter back to this

- 3 -

1 Court. Given these facts, a well-informed, thoughtful observer would not conclude that this Court's impartiality might reasonably be questioned based on the act of submitting an invited responsive brief to Petitioner's mandamus petition.

Petitioner's motion refers only to the filing of the brief as a basis for recusal, not to any language or statements contained therein. In any event, nothing in the brief would cause a reasonable person to question the Court's impartiality. The brief first provided relevant background concerning the District of Arizona's general procedures for managing capital habeas cases, the procedural history of Petitioner's case, and the rationale underlying the Court's case management decisions in relation to the competency issue. The Court then undertook to explain its understanding of the *Rohan* decision and its application to Petitioner's case, much of which reiterated analysis set forth in the April 2008 order from which Petitioner sought mandamus relief. The "mere fact that a judge has previously expressed an opinion on a point of law" and "prior rulings in the proceeding" do not ordinarily provide grounds for recusal under § 455. *Holland*, 519 F.3d at 914 n.5 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

Nothing in *Hurles v. Ryan*, cited by Petitioner, requires a different result. There, the Ninth Circuit remanded for an evidentiary hearing on a claim of judicial bias stemming from the filing of a responsive brief on behalf of the trial judge during a pretrial mandamus-like proceeding called a "special action" in the Arizona Court of Appeals. During Hurles's special action proceeding, the state appellate court found it improper for trial judges to file pleadings in special actions solely to advocate the correctness of an individual ruling in a single case. *Id.* at 1028. Finding that the trial judge lacked standing in the special action, the state appellate court declined to consider her responsive brief. This stands in stark contrast to the situation here, in which the federal rules permit an appellate court to invite a trial court to respond to a mandamus petition and the Ninth Circuit in this case invited such a response. Moreover, unlike the brief filed by this Court, the responsive brief at issue in *Hurles* contained questionable statements about the crime and defense counsel. *Id.* at 1027-28.

- 4 -

1 In sum, a reasonable person with knowledge of all the facts would not reasonably question the Court's impartiality. The Court's sole interest in this matter, both then and now, has been the proper administration of justice. By accepting the Ninth Circuit's invitation to file a response to the mandamus petition, the Court did not act as part of the accusatory process, become embroiled in a "running, bitter controversy" with either party, or become so enmeshed in matters involving a litigant that disqualification is required. *Hurles*, 706 F.3d at 1037. Moreover, nothing in the tenor of the Court's responsive brief suggests that it has "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Therefore, recusal is not appropriate in this case.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion for Recusal/Reassignment (Doc. 210) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Charles L. Ryan, Director of the Arizona Department of Corrections, as a Respondent in place of his predecessor Dora B. Schriro, pursuant to Fed. R. Civ. P. 25(d)(1).

**DATED** this 23rd day of July, 2013.

_____
Stephen M. McNamee
Senior United States District Judge