**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-99-2016-PHX-SMM<br><br>DEATH PENALTY CASE<br><br><br>**ORDER** |

Before the Court are Petitioner's Motions to (1) Amend and/or Supplement the Memorandum on the Merits and (2) Stay Proceeding Pending Restoration. (Docs. 221, 222.) Respondents oppose the motions. (Doc. 223.) Because the first motion was not filed in a procedurally appropriate manner and the second is premature, the Court denies both without prejudice.

Petitioner's motion to amend and/or supplement is procedurally deficient for four reasons. First, the motion is 63 pages in length and was filed without seeking leave to exceed the 17-page limitation for motions. *See* D. Ariz. LR Civ 7.2(e)(1). Second, Petitioner may not add new claims in this case by amending or supplementing his already-filed merits memorandum. The Court expressly limited the scope of that memorandum to provide for supplemental briefing only on the claims found by the Court to be procedurally appropriate for merits review. (*See* Doc. 97 at 33–37; Doc. 208 at 7-10.) Moreover, it is not appropriate

to raise new claims outside of a habeas petition. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (holding that a traverse "is not the proper pleading to raise additional grounds for relief"). Third, Petitioner must seek leave to amend, not to supplement. The purpose of a supplemental pleading is to set forth facts pertaining to occurrences or events that have occurred since the filing of the original pleading. *See* Fed. R. Civ. P. 15(d); 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1504 (3d ed. 2004). Here, Petitioner has sought to "supplement" a merits memorandum with new claims but the claims are not based on new events or occurrences; rather, they assert ineffective assistance of counsel based on alleged deficiencies that occurred at the time of trial. Fourth, Petitioner has not complied with the local rules for amendment by motion by attaching a copy of the proposed amended pleading as an exhibit to the motion and indicating in what respect it differs from the pleading which it amends. *See* D. Ariz. LRCiv 15.1(a).

Because Petitioner's motion to amend and/or supplement the merits memorandum is procedurally improper, it will be denied without prejudice to refiling in a procedurally appropriate manner. If Petitioner files a motion to amend to add new claims to his pending habeas petition, he shall address in such motion (1) applicability of equitable tolling of the statute of limitations, and (2) applicability of the relation-back doctrine to each claim.

The Court will also deny without prejudice the motion to stay proceedings pending competency restoration. The motion argues that Petitioner is presently incompetent and therefore cannot assist counsel in litigating the new claims identified in the motion to amend and/or supplement. However, until the Court determines whether amendment to add the claims is appropriate, it finds that any request for a stay based on Petitioner's alleged incompetency to assist in litigation of the amended claims is premature. Petitioner can refile such motion when and if the Court grants leave to amend.

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion to Amend and/or Supplement the Memorandum on the Merits (Doc. 221) is **DENIED WITHOUT PREJUDICE**.

1 **IT IS FURTHER ORDERED** that Petitioner's Motion to Stay Proceeding Pending Restoration (Doc. 222) is **DENIED WITHOUT PREJUDICE**.

**DATED** this 23rd day of January, 2014.

Stephen M. McNamee
Senior United States District Judge