**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Valencia Gonzales,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-99-02016-PHX-SMM<br><br>**O R D E R** |

Before the Court is Petitioner's Motion to Amend First Amended Habeas Petition. (Doc. 228.) Petitioner is an Arizona prisoner under sentence of death. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, he seeks the Court's permission to amend his habeas petition to add eight claims of ineffective assistance of counsel. Petitioner argues that under *Maples v. Thomas*, 132 S. Ct. 912 (2012), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), cause exists to overcome the procedural default of these claims. (*Id.*) Respondents oppose amendment. (Doc. 231.) For the reasons set forth below, the motion is denied.

# BACKGROUND[1]

In 1991, Petitioner was convicted by an Arizona jury of felony murder, armed robbery, aggravated assault, first-degree burglary, and theft. Petitioner repeatedly stabbed Darrel and Deborah Wagner in front of their seven-year-old son during a burglary of the Wagners' home.[2] Darrel Wagner died from the stabbing. Deborah Wagner survived but spent five days in intensive care. The trial court sentenced Gonzales to death on the murder charge and to various prison terms for the other crimes.

On November 15, 1999, Petitioner commenced these proceedings by filing a *pro forma* petition for a writ of habeas corpus. (Doc. 1.) The Court appointed the Federal Public Defender's Office as counsel. (Doc. 8.) On December 27, 1999, the Court issued a case management order setting a deadline for the filing of an amended petition. (Doc. 17.) The order required the amended petition to "include every known constitutional error or deprivation entitling Petitioner to habeas relief" and to provide a "Statement of Exhaustion" noting where each claim for relief was raised in state court. (*Id.* at 2.)

On July 17, 2000, Petitioner filed a 237-page amended petition raising 60 claims for relief. (Doc. 28.) He failed, however, to file the required Statement of Exhaustion. The Court directed Petitioner to comply with its case management order. (Doc. 34.) On September 14, 2000, Petitioner notified the Court that he had filed a petition for writ of mandamus in the Ninth Circuit Court of Appeals. (Doc. 35.) The Court denied

---

[1] Additional factual and procedural background can be found in the Court's ruling on the procedural status of Petitioner's claims. (Doc. 97.)

[2] Petitioner was convicted on retrial, his first trial having resulted in a mistrial. *See State v. Gonzales*, 181 Ariz. 502, 892 P.2d 838 (Ariz. 1995).

Petitioner's request for a stay of proceedings and for additional time to file the Statement of Exhaustion. (Doc. 40.)

On October 6, 2000, Petitioner filed the Statement of Exhaustion. (Doc. 42.) Through counsel, he simultaneously filed a notice of withdrawal of claims, voluntarily withdrawing 13 unexhausted habeas claims, including claims alleging ineffective assistance of counsel. (Doc. 43.) The notice indicated that Petitioner had initiated a post-conviction relief (PCR) proceeding in state court to exhaust the withdrawn claims, but did not request a stay of federal proceedings on this basis. (*Id.* at 2.) On October 16, 2000, the Ninth Circuit denied the mandamus petition as moot.

In February 2001, Petitioner requested that his state-court-appointed PCR counsel be removed and that he be permitted to represent himself in his successive PCR proceeding. (Doc. 102-1 at 3–5.) The state court ordered a mental health examination to determine whether Petitioner was competent to waive counsel. (*Id.* at 6–7.) A court-appointed expert examined Petitioner and concluded that he was paranoid and delusional. (*Id.* at 10.) In August 2001, the court found Petitioner incompetent to waive counsel and represent himself. (*Id.* at 26.)

In December 2001, on the day Petitioner's successive PCR petition was due, counsel filed a motion to hold the case in abeyance pending restoration of Petitioner's competency. (Doc. 102-1 at 30–36.) The motion asserted that Petitioner's inability to rationally communicate with counsel precluded counsel from developing a claim of incompetency at the time of trial and sentencing. (*Id.*) The state court denied the motion. (*Id.* at 45.)

In February 2002, state counsel filed a successive PCR petition asserting four claims, including that Petitioner had a right to assist counsel in a second PCR proceeding, that he was entitled to an evidentiary hearing to determine his current competency, and that he was incompetent at the time of trial and sentencing. (Doc. 108-1 at 3–24.) PCR counsel did not raise any of the claims withdrawn from the amended federal habeas petition. (*Id.*) The state court denied the petition, explaining that Petitioner had failed to present a "colorable claim . . . that newly discovered evidence shows defendant was incompetent to stand trial." (*Id.* at 40.) Counsel filed a petition for review, which the Arizona Supreme Court denied on October 28, 2003. (Doc. 108-2 at 6.)

Following Petitioner's withdrawal of the 13 unexhausted claims in October 2000, the parties briefed the procedural status of Petitioner's remaining habeas claims. Briefing concluded in February 2001 with the filing of Petitioner's sur-reply. (Doc. 59.) The procedural status of Petitioner's claims remained under advisement until September 2002, when, following the United States Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), the Court stayed Petitioner's sentencing-related claims pending exhaustion in state court of a claim based on *Ring*. (Doc. 75.) Petitioner initiated another state PCR proceeding. The state court consolidated it with the already-pending PCR petition. As previously noted, the Arizona Supreme Court denied review of the petition in October 2003. (Doc. 81.) In July 2004, following the United States Supreme Court's decision in *Schriro v. Summerlin*, 542 U.S. 348 (2004), the Court lifted the stay.

Over the next 18 months, while the matter was under advisement, Petitioner did not seek amendment to reincorporate the 13 withdrawn claims or to add the claims litigated in the second PCR petition.

On January 12, 2006, the Court entered its order regarding the procedural status of Petitioner's habeas claims. (Doc. 97.) The Court dismissed some of the claims on procedural grounds or as plainly meritless, and established a deadline for Petitioner to submit briefing on the merits of the remaining claims. (*Id.*)

On the eve of the deadline for filing his merits brief, Petitioner's counsel instead moved to stay this action pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003), *abrogated by Ryan v. Gonzales*, 133 S. Ct. 696 (2013), contending that Petitioner was incapable of rationally communicating with or assisting counsel. (Doc. 102.)

After two years of litigation regarding Petitioner's competency and the issue of forcible medication, the Court entered an order on April 23, 2008, denying Petitioner's motions for a competency hearing and to stay these proceedings.[3] (Doc. 187.) The Court determined that Petitioner's remaining claims were record-based or involved purely legal issues, and therefore would not potentially benefit from Petitioner's ability to communicate rationally with counsel. (*Id.*) Petitioner filed an emergency petition for writ of mandamus with the Ninth Circuit, which issued a stay on June 19, 2008. (Doc. 199.)

---

[3] During this period the Court granted Petitioner's motion that he be transferred to the Arizona State Hospital for an extended mental health assessment. (*See* Doc. 187 at 3–4.) Petitioner was prescribed an anti-psychotic medication which improved capacity for rational thought. (*Id.* at 4.) However, Petitioner discontinued treatment, complaining of back pain. (*Id.*)

The Ninth Circuit subsequently granted mandamus. *In re Gonzales*, 623 F.3d 1242 (9th Cir. 2010).

On January 8, 2013, the United States Supreme Court reversed. *Gonzales*, 133 S. Ct. at 696. The Ninth Circuit received a copy of the Supreme Court's January 8 judgment on February 12, 2013. On March 20, 2013, Petitioner filed a motion for miscellaneous relief with the Ninth Circuit, asking that his habeas proceedings be stayed pending restoration of competency. The case was remanded to this Court on June 6, 2013. (Doc. 206.)

The Court ordered Petitioner to file his merits brief no later than September 20, 2013. (Doc. 208.) Instead, Petitioner filed a motion for recusal/reassignment, which the Court denied. (Docs. 210, 211.) Petitioner then filed an emergency motion with the Ninth Circuit panel to stay the proceedings, as well as a petition for a writ of mandamus and a motion for reassignment of the case. On September 30, 2013, the Ninth Circuit panel denied the mandamus petition and denied the stay. (Doc. 216.)

Petitioner filed his merits memorandum on September 20, 2013. (Doc. 212; *see* Docs. 213, 214, 215.) Briefing was completed on November 22, 2013. (Doc. 220.)

On November 27, 2013, Petitioner filed another motion to stay the proceedings together with a motion to supplement or amend his habeas petition. (Docs. 220, 221, 223.) The motions were denied without prejudice as improperly filed. (Doc. 225.) The pending motion to amend was filed on February 11, 2014. (Doc. 228.)

# ANALYSIS

## I. Standard for Amendment

A petition for habeas corpus may be amended pursuant to the Federal Rules of Civil Procedure. 28 U.S.C. § 2242; *see also* Rule 12, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (providing that the Federal Rules of Civil Procedure may be applied to habeas petitions to the extent they are not inconsistent with the habeas rules). A court looks to Rule 15 of the Federal Rules of Civil Procedure to address a party's motion to amend a pleading in a habeas corpus action. *See James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001).

Under Rule 15(a), leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Courts must review motions to amend in light of the strong policy permitting amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986). Factors that may justify denying a motion to amend are undue delay, bad faith or dilatory motive, futility of amendment, undue prejudice to the opposing party, and whether petitioner has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Leave to amend may be denied based upon futility alone. *See Bonin*, 59 F.3d at 845. To assess futility, a court necessarily evaluates whether relief may be available on the merits of the proposed claim. *See Caswell v. Calderon*, 363 F.3d 832, 837–39 (9th Cir. 2004) (conducting a two-part futility analysis reviewing both exhaustion of state court remedies and the merits of the proposed claim). If the proposed claims are

- 7 -

untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d); *see Pliler v. Ford*, 542 U.S. 225, 230 (2004). Respondents contend that application of the statute of limitations renders amendment futile. Petitioner argues that the statute of limitations can be equitably tolled and, alternatively, that his new claims "relate back" to the pending 2001 habeas petition.

## II.     Equitable tolling

The one-year limitations period established by § 2244(d)(1) may be equitably tolled in appropriate circumstances. *Holland v. Florida,* 560 U.S. 631 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron–Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).

Accordingly, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Both criteria must be satisfied,

and a petitioner seeking application of the doctrine bears the burden of showing that it should apply to him. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (observing that, to receive equitable tolling, the petitioner must prove the above two requirements).

"[E]quitable tolling is available for this reason only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation omitted); s*ee Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012); *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003). The Ninth Circuit has clarified that "the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" *Waldron-Ramsey*, 556 F.3d at 1011 (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)); *see Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013). In *Shannon v. Newland,* 410 F.3d 1083, 1090 (9th Cir. 2005), the Ninth Circuit observed that, "Each of the cases in which equitable tolling has been applied have involved *wrongful* conduct, either by state officials or, occasionally, by the petitioner's counsel."

Petitioner argues that he has "diligently pursued" the ineffective assistance claims with which he seeks to amend his habeas petition, "but has been thwarted by the extraordinary circumstances surrounding the procedural history of these proceedings." (Doc. 228 at 13–14.) Those circumstances, however, were not an "external force," "beyond [Petitioner's] control," or the result of any "wrongful conduct." Instead, they

resulted from Petitioner's own strategic decisions. These decisions include the voluntary withdrawal of 13 claims, including his claim of ineffective assistance of counsel at sentencing, from his habeas petition.[4] As a result of Petitioner's pursuit of a claim of incompetency under *Rohan*, the case was stayed from June 19, 2008, to January 8, 2013. During that period, the Supreme Court issued its decisions in *Maples*, 132 S. Ct. 912, and *Martinez*, 132 S. Ct. 1309, in January and March of 2012, respectively, cases which form the predicate for Petitioner's amended claims.[5] However, Petitioner did not file his motion to amend until February 2014. *See Day v. Ryan*, No. CV-13-952-PHX-GMS, 2014 WL 1017919, at *6 (D.Ariz. March 17, 2014) (finding that petitioner failed to show diligence in acting on the *Maples* decision where petition was filed 15 months after decision).[6] Finally, Petitioner voluntarily withdrew his claim of ineffective assistance of counsel at sentencing, but did not pursue the claim in state court. This sequence of events does not support a finding of diligence.

Petitioner argues that his incompetence can be considered an "extraordinary circumstance" warranting equitable tolling pursuant to *Laws v. Lamarque*, 351 F.3d 919,

---

[4] Withdrawn Claim 44 alleged that trial counsel was ineffective for failing to discover Petitioner's mental condition or have him examined by a mental health professional. (Doc. 28 at 135–36.) Withdrawn Claim 52 alleged that counsel was ineffective at sentencing for failing to present mitigating information about Petitioner's social history. (*Id.* at 152–59.)

[5] In *Maples*, the Supreme Court held that the procedural default of a claim may be excused where an attorney abandons his client without notice. 132 S.Ct. at 924. In *Martinez*, the Court held that ineffective performance of counsel during post-conviction relief proceedings may excuse the procedural default of a claim of ineffective assistance of trial counsel. 132 S. Ct. at 1920.

[6] In *Day*, the court reached its decision even assuming, arguendo, that the *Maples* decision "could justify equitable tolling (e.g. because a petitioner had delayed filing, believing his claims were procedurally defaulted until *Maples* was decided)." 2014 WL 1017919, at *6.

922 (9th Cir. 2003). (Doc. 228 at 11 n.5.) Under *Laws*, however, Petitioner must establish that his mental illness was the cause of his failure to file the claims in a timely manner. *Id.* Clearly, he has not made that showing. The claims challenging counsel's performance could have been raised earlier, and, in fact, the challenges to trial counsel's performance at sentencing were raised before being withdrawn.

Based on the circumstances outlined above, Petitioner has not met his burden of showing that he is entitled to equitable tolling. Petitioner had shown neither diligence in pursuing the ineffective assistance claims, nor demonstrated that some extraordinary circumstance, let alone wrongful conduct by state officials, stood in his way and prevented timely filing.

**III.  Relation back**

Petitioner contends that his new ineffective assistance claims "relate back" to facts and substantive claims raised in his habeas petition. (Doc. 228 at 14–15.) As noted above, Rule 15 of the Federal Rule of Civil Procedure governs amendments to habeas petitions, thereby permitting otherwise untimely amendments to "relate back" to the date of the timely-filed original pleading, provided the claim asserted in the amended plea "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); *see Mayle v. Felix*, 545 U.S. 644, 649 (2005).

In the habeas context, the original pleading to which Rule 15 refers is governed by the "more demanding" pleading standard of Habeas Corpus Rule 2(c), which provides that a petition "specify all the grounds for relief available to the petitioner" and "state the

facts supporting each ground." *Mayle*, 545 U.S. at 655. In addition, the "relation back" provision is to be strictly construed in light of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." *Mayle*, 545 U.S. at 657 (quotation omitted); *see United States v. Ciampi,* 419 F.3d 20, 23 (1st Cir. 2005).

"An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id. at* 650 (2005). A late-filed claim in an amended federal habeas petition relates back under Rule 15(c) if the timely claim and the late-filed claim "are tied to a common core of operative facts." *Id.* at 664; *see Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) (explaining that "a new claim in an amended petition relates back to avoid a limitations bar, when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition"). If a new claim merely clarifies or amplifies a claim or theory already in the original petition, the new claim may relate back to the date of the original petition and avoid a time bar. *Woodward v. Williams,* 263 F.3d 1135, 1142 (10th Cir. 2001).

Finally, "*Mayle* requires a comparison of a petitioner's new claims to the properly exhausted claims left pending in federal court, not to any earlier version of the complaint containing claims subsequently dismissed for failure to exhaust." *King v. Ryan*, 564 F.3d 1133, 1142–43 (9th Cir. 2009). The question, therefore, is whether Petitioner's new claims relate back to the properly exhausted claims in his 2000 habeas petition. *Id.*

Petitioner relies on *Ha Van Nguyen v. Curry,* 736 F.3d 1287 (9th Cir. 2013), in

which the Ninth Circuit held that a claim alleging appellate counsel was ineffective for failing to raise a double jeopardy argument on direct appeal related back to the petitioner's claim that his rights were violated under the Double Jeopardy Clause, which in turn related back to the original petition and therefore was not barred by the one-year limitation period. 736 F.3d at 1296–97. The court observed that the "time and type" language in *Felix* refers not to the claims or grounds for relief but "*to the facts that support those grounds.*" *Id.* at 1297. The court found that the original double jeopardy claim and the new claim alleging ineffective assistance of appellate counsel were "supported by a common core" of facts that were "simple, straightforward, and uncontroverted," and "clearly alleged in the original pleading." *Id.*

Respondents argue, however, that Petitioner's new claims do not relate back because ineffective assistance claims "do not arise from the same core of operative facts as any substantive claim." (Doc. 231 at 4.). Respondents cite *Schneider v. McDaniel*, 674 F.3d 1144 (9th Cir. 2012), a Ninth Circuit case decided before *Nguyen*, which held that a habeas petitioner's ineffective assistance of counsel claims did not share a common core of operative facts with claims based on the events at trial that counsel failed to object to or take action on. 674 F.3d at 1151–52.

In his amended petition, Schneider claimed that the trial court's denial of his motion to sever his trial from his co-defendant's rendered his trial fundamentally unfair and denied him due process of law under the Fourteenth Amendment. *Id.* at 1151. In his original petition, Schneider raised a claim that trial counsel provided ineffective assistance by failing to investigate his co-defendant's trial strategy and failing to file a

- 13 -

timely motion to sever. *Id.* The court ruled that the relation-back doctrine did not apply, explaining that "Schneider's original theory was based on trial counsel's alleged failures. His amended theory is based on the trial court's alleged errors. The core facts underlying the second theory are different in type from the core facts underlying the first theory." *Id.*

It does not appear that *Schneider* and *Nguyen* are reconcilable. *Schneider* held that an ineffective assistance claim does not share a common core of facts with the underlying substantive claim, while *Nguyen*, without discussing *Schneider*, reached the opposite conclusion. "When a subsequent three-judge-panel opinion conflicts with the opinion of an earlier three-judge panel, it is the earlier decision that controls." *Posey v. Harrington*, No. CV-10-1779-GW (JPR), 2014 WL 1289604, at *1 (C.D.Cal. March 31, 2014) (citing *Avagyan v. Holder,* 646 F.3d 672, 677 (9th Cir. 2011)). *Schneider*, therefore, remains the current legal standard, notwithstanding the subsequent ruling in *Nguyen*.

Other courts have concluded that ineffective assistance claims do not relate back to the underlying substantive claims. The First Circuit in *Ciampi* held that the *pro se* petitioner's ineffective assistance claim, which was based upon *counsel's* failure to inform him of his appeal rights prior to his plea, did not relate back to his initial claim alleging a due process violation based on the *court's* failure to advise the petitioner of those rights. 419 F.3d at 24. The court concluded the claims did not arise from the same core facts, noting that the original claim "speaks only of the court, and makes no mention of Ciampi's attorney." *Id.* Therefore, the original and amended petitions did not arise from the same "transaction." *Id.*

The Ninth Circuit, in discussing the application of *Mayle*, has cited *Ciampi* with

- 14 -

approval. *In Hebner*, 543 F.3d at 1138, and *Preston v. Harris*, 216 Fed.Appx. 677, 678 (9th Cir. 2007), the court noted the ineffective assistance of counsel claims and the underlying substantive claims in *Ciambi* as an example of claims "separated in time and type."

Petitioner's new claims allege ineffective assistance of trial counsel. (Doc. 228, Ex. A.) The claims include the following: that counsel failed to investigate Petitioner's mental health (Claim 61); failed to test the State's evidence, including the eyewitness testimony (Claim 62); failed to challenge the voluntariness of Petitioner's statement to police (Claim 63); failed to timely object on *Batson* grounds (Claim 64); failed to properly object to the unavailability of witness Martha Trinidad (Claim 65); failed to request a "reasonable doubt" instruction (Claim 66); failed to adequately present mitigation evidence (Claim 67); and failed to investigate and present evidence of Petitioner's intellectual disability (Claim 68). (*Id.*)

Petitioner is correct that his 60-claim, 237-page habeas petition included facts pertaining to the issues underlying his new ineffective assistance claims. The Court concludes, however, that this is insufficient to satisfy the relation back doctrine.

First, Petitioner withdrew his claim alleging ineffective assistance of counsel at sentencing. Therefore, his new claims of ineffective assistance of sentencing counsel—Claims 67 and 68—do not relate back to any properly exhausted claim in his habeas petition. *King*, 564 F.3d at 1142–43.

The Court also finds that Petitioner's other ineffective assistance claims are separated in time and type from the claims alleged in his habeas petition. They do more

- 15 -

than clarify or amplify a claim or theory in the original petition. *Woodward*, 263 F.3d at 1142. Rather, they set forth new claims and theories based on counsel's performance.

To conclude otherwise and allow the claims to relate back would deprive *Mayle* of any limiting effect. As previously noted, Habeas Rule 2(c) requires a petitioner to specify all the grounds for relief available. *See also McCleskey v. Zant*, 499 U.S. 467, 498 (1991). Petitioner was bound by that rule when he filed his habeas petition. To find that his newly-raised ineffective assistance claims relate back to the facts in underlying claims alleged 13 years earlier would contravene the principle that the relation back doctrine is to be strictly construed in light of "Congress' decision to expedite collateral attacks by placing stringent time restrictions on [them]." *Mayle*, 545 U.S. at 657 (quotation omitted).

**IV.    Undue Delay and Prejudice**

Finally, even if the Court were to find the relation back doctrine applicable to Petitioner's new claims, amendment would not be appropriate in the circumstances of this case. *See Halvorsen v. Parker*, No. 08-484-DLB, 2012 WL 5866220, at *3 (E.D.Ky. Nov. 19, 2012) ("A conclusion that an otherwise time-barred claim may be saved through application of the 'relation back' doctrine establishes only that the proposed amendment is not patently futile; it does not establish that it is appropriate.").

"Courts have been justifiably unwilling to permit amendment to assert new claims that were readily apparent and available when the petition was initially filed." *Id.*; *cf. Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and

theories raised by the amendment in the original pleading."). Petitioner's ineffective assistance claims have been apparent since the filing of his petition in 2000. He does not argue otherwise. Given the circumstances discussed above, principally the unjustifiable delay in bringing the claims based on facts known at the time Petitioner filed his habeas petition, amendment is not appropriate.

In *Gonzales* the Supreme Court repeated its observation that "not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death." 133 S. Ct. at 709 (quoting *Rhines v. Weber*, 544 U.S. 169, 277–78 (2005)). The Court has also emphasized that "[b]oth the State and the victims of crime have an important interest in the timely enforcement of a sentence," and that states have a "strong interest in enforcing [their] criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). Taking these considerations into account, amendment at the point in the litigation is not appropriate.

## **CONCLUSION**

For the reasons set forth above, amendment is futile. Neither equitable tolling nor the relation-back doctrine applies to make the new claims timely.

Accordingly,

. . .

1  IT IS HEREBY ORDERED denying Petitioner's Motion to Amend (Doc. 228).

2  DATED this 10th day of September, 2014.

*[signature]*

Stephen M. McNamee
Senior United States District Judge